UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22134-CIV-MIDDLEBROOKS

ROTHSCHILD DIGITAL MEDIA
INNOVATIONS, LLC,

    Plaintiff,

vs.

SONY COMPUTER ENTERTAINMENT
AMERICA LLC,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE

THIS CAUSE comes before the Court upon Defendant Sony Computer Entertainment America LLC's ("Defendant") Motion to Transfer Venue under 28 U.S.C. § 1404 (DE 15) ("Motion"), filed on July 16, 2014. Plaintiff Rothschild Digital Media Innovations, LLC ("Plaintiff") filed a Response (DE 20) to the Motion on August 4, 2014, to which Defendant then filed a Reply (DE 21) on August 14, 2014. I have reviewed the matter and am fully advised in the premises.

### I. Background

On June 9, 2014, Plaintiff filed its Complaint for patent infringement against Defendant. (*See* DE 1). Plaintiff is a Florida limited liability company with a principal place of business in Bay Harbor, Florida. Defendant is a Delaware limited liability company with a principal place of business in San Mateo, California.

In the Complaint, Plaintiff alleges that Defendant committed acts of patent infringement in this District, and that venue is proper here because "a substantial part of the events giving rise

1

to these claims occurred in this judicial district, because [Plaintiff] has suffered injury in this district, and because [Defendant] resides in this district under the patent venue statute by having committed acts of alleged patent infringement in this district." (DE 1 at ¶ 6). The patent-in-suit relates to "an interactive, remote, computer interface system comprised of, among other things, a remote server assembly, a local processor assembly and a data storage assembly including a compact, portable and interchangeable computer readable medium." (DE 1 at ¶ 8). As to infringement, Plaintiff alleges that Defendant's "PlayStation products and services – comprised of PlayStation Network servers, PlayStation consoles and PlayStation game discs – directly infringe at least claim 1 of the [U.S. Patent No. 6,101,534 ("the '534 Patent")]." (DE 1 at ¶ 9).

In the instant Motion, Defendant seeks to transfer this action to the Northern District of California pursuant to 28 U.S.C. 1401(a). In support, Defendant asserts that: (1) it is headquartered in the Northern District of California; (2) all of its witnesses that would likely testify reside and work in the Northern District of California; and (3) there are a huge number of potentially relevant third parties also located in the Northern District of California. Defendant also asserts that this case has no substantial connection to the Southern District of Florida because Defendant has no offices or operations here, Plaintiff's connections are only recent and tenuous, and the only witness that appears to have any connection to Florida is the inventor and sole member of Plaintiff.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* This standard "leaves much to the broad discretion of the trial court . . . ."

*Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV, 2009 WL 455432, at *1 (S.D. Fla. Feb. 23, 2009) (citing *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)); *accord Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

Section 1404 authorizes courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. "To this end [Section 1404(a)] empowers a district court to transfer any civil action to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal footnote omitted). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). To determine whether transfer is appropriate, courts embark on a two-prong inquiry. First, the new venue must be one in which the action could originally have been brought by the plaintiffs. 28 U.S.C. § 1404(a). Second, courts are to conduct a balancing test, weighing several private and public interest factors to determine if transfer is justified. *See Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008) (citing *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001)).

Private factors to be weighed include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Trace-Wilco*, 2009 WL 455432, at *2 (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994)). Public interest factors that should be considered include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of

3

> a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). "Although transfer is within the discretion of the trial court, 'in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff,'" transfer is appropriate. *In re Biosearch Techns., Inc.*, 452 F. App'x 986, 989 (Fed. Cir. 2011) (quoting *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009)).

Applying the Section 1404 two-part inquiry to the case at hand, the Court finds that Defendant has met its burden and transfer to the Northern District of California is appropriate.

## III. <u>Analysis</u>

As an initial matter, Plaintiff does not dispute that this case could have been brought in the Northern District of California. Thus, the Court finds this factor to be satisfied and will move on to the second aspect of the analysis – the balancing test.

### A. <u>Convenience of the Parties and Witnesses</u>

It is cannot be disputed that the Northern District of California is a more convenient venue for Defendant. Its engineering, marketing, sales, and finance departments are located in its California headquarters, and employees in those departments reside and work in the Northern District of California. Plaintiff argues that Defendant and related entities have filed numerous lawsuits in this District and in federal courts in Florida, therefore demonstrating that Florida is not inconvenient for Defendant. However, the Court is not persuaded by this argument, as those cases could have been filed in Florida for a plethora of reasons unrelated to the convenience determination.

In support of this venue, Plaintiff asserts that Mr. Rothschild is Plaintiff's owner and sole employee, and has lived in this District for over forty years. However, Plaintiff is a non-practicing entity with no offices in this District, and appears to have been created solely for purposes of licensing and litigation. Further, Mr. Rothschild concurrently filed more than a dozen other patent infringement cases in other jurisdiction, so his claims of his ties to this venue carry little weight.

As to the convenience of the witnesses, Plaintiff argues that the balance of witnesses does not clearly favor either side. This Court disagrees. The only witnesses Plaintiff points to are Mr. Rothschild and putative experts who have yet been identified.[1] Defendant, on the other hand, names two key witnesses, and declares that any and all relevant witness employed by Defendant would likely be employed in the Northern District of California. Moreover, as set forth by Defendant, many of the potential non-party witnesses in this case will also likely be located in California. Plaintiff did not identify any third-party witnesses located in this District.

For these reasons, the Court finds that the convenience of the parties and witnesses weighs in favor of transfer.

B.  <u>Relative Ease of Access to Sources of Proof</u>

Given today's technology and the availability of overnight shipping to easily transport documents and other tangible evidence, the Court does not give much weight to this factor. However, the Court notes that Defendant's documents relating to the accused products are located in California, whereas Plaintiff does not cite to any of its documents located in this District.

---

[1] Surely, along the lines of Plaintiff's reasoning as to expert witnesses, Defendant, too, will have expert witnesses.

C.  The Locus of Operative Facts

Defendant argues that the Northern District of California is the "center of the accused activity," where Defendant is headquartered and hundreds of employees responsible for the accused products reside and work. "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration. Several district courts have held that the 'center of gravity' for a patent infringement case is where the accused product was designed and developed." *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (footnote, citations, and internal quotation marks omitted). Plaintiff argues that Defendant's nationwide sale of the accused products do not weigh in favor of any particular venue. While this may be true, *see In re Acer Am. Corp.*, 653 F.3d 1252, 1256 (Fed. Cir. 2010), all other relevant activity occurred in the Northern District of California. Therefore, this weighs in favor of transfer.

D.  Plaintiff's Choice of Forum

Generally, as recognized by the Eleventh Circuit, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). However, a plaintiff's choice of forum is given less deference when the operative facts underlying the cause of action did not occur within the plaintiff's chosen forum. 28 U.S.C. 1404(a); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)); *see also Motorola Mobility*, 804 F. Supp. 2d at 1276 (citing *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985)); *Cellulaw Tech. & Telecomm., L.P. v. Alltell Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) ("But where a plaintiff has chosen a forum that is not its home forum, only minimal

6

deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper.")

Here, the Court gives little weight to Plaintiffs' choice of forum. While the inventor of the patent-in-suit resides in Florida, the recent creation of Plaintiff as an entity solely to license the patent and enforce the patent in litigation here does not carry weight. *See In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed Cir. 2011). Further, other than the inventor living here and the recent incorporation to license and enforce the patent, there does not appear to be any connection to this District.

### E. Public Factors

Similarly, the Court finds that the public factors weigh in favor of transfer. First, Defendant resides in the Northern District of California and has a very active business in that district, so there is a strong local interest in having this controversy decided there. Second, there is no unfairness in burdening California citizens with jury duty, since the case deals with a California defendant. Last, the Court finds that the interest of justice weighs in favor of transfer. In reality, this case has no aspect specific to this District other than the inventor living here.

## IV. Conclusion

In balancing all the factors, the Court agrees with Defendant that the private and public interests favor transfer to the Northern District of California. Further, the Court finds it to be important that Plaintiff's presence here is recent and solely for purposes of licensing and litigating the patent-in suit. This existence in Florida is ephemeral and lacking in substance. In sum, this case presents a situation where the majority of the witnesses and evidence are in the transferee district, while there are few or no convenience factors weighing in favor of this District.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Transfer Venue (DE 15) is **GRANTED**. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the Northern District of California. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 27 day of August, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record