# Exhibit 3

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

| Claim 22 of U.S. Patent 6,101,534 | Primary reference: *Mages* | Secondary reference: *Batchelor* | Secondary reference: *Hughes* |
|---|---|---|---|
| A system as recited in claim 21 wherein said local processor assembly includes an overlay processor and a direct view processor; | Mages teaches the limitations of claim 21, from which this claim depends. *See* Chart A.3 at Claim 21. Claim 21 depends from claim 1, which is further obvious in view of at least Mages alone as well as Mages in combination with Batchelor. *See* Charts A.1 and A.3 at Claim 1. | Batchelor also teaches the limitations of claim 21, from which this claim depends. *See* Chart A.1 at Claim 21. Claim 21 depends from claim 1, which is further obvious in view of at least Mages alone as well as Mages in combination with Batchelor. *See* Charts A.1 and A.3 at Claim 1.<br><br>Furthermore, it would have been obvious to a person of ordinary skill in the art to combine Mages and Batchelor to reach a solution encompassed by the claimed invention. A skilled artisan would have recognized that the CD-ROM referenced in Mages would be structured so that specific tracks would be contained in specific memory locations that could be controlled by the remote server. Mages and Batchelor both recognize the | Hughes discloses a computer that processes both an overlay and a direct view from a CD-ROM.<br><br>"Apparatus and a method for providing real estate agents, persons relocating to another home or acquiring an interest in a property, and providers of home insurance, with an audio-visual presentation of a property supplied over existing cable, telephone, ISDN or other types of broadband network facilities. <u>The audio-visual presentation is [made] on a computer monitor from a database containing a visual walkthrough and a textual description of the property and surrounding areas</u>." *Hughes* at Abstract (emphasis added); *see also id.* at 3:9-22; 4:49-5:7*;* Fig. 2.<br><br>It would have been further obvious to one of ordinary skill in the art to combine Hughes with Mages and Batchelor. Upon reading Hughes, a skilled artisan would have recognized |

1

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

|  |  | desirability of locally storing data on a CD-ROM and a remote server directing access to that data. *Mages* at 4:15-17; *Batchelor* at 1:30-58. Upon reading the disclosure of Batchelor, one of ordinary skill in the art would have recognized and appreciated that the remote server of Mages could access and control the specific tracks of the local CD-ROM as specifically provided by Batchelor. In other words, the uncrippling or triggering data could include specific command and address information as provided in Batchelor. This would have been desirable because, as taught by Batchelor, it would enable the remote facility to directly control the utilization of specific tracks on the local CD-ROM such that two complementary pieces of information are displayed simultaneously. *Batchelor* at 1:30-39. | that a system formed by combination of Mages and Batchelor could have been advantageously utilized to provide prospective real estate purchasers with a "feel" of visiting a property remotely as described by Hughes by using a remote server to direct the display of larger files, such as videos and floorplans, from a local CD-ROM, as described by Mages and Batchelor. *Hughes* at 1:63-2:10; 3:37-43. This would have been consistent with Mages' desire to reduce costs and delay associated with transmission of large files, as described above. Similar to Mages and Batchelor, Hughes combines video walk through information and floorplans with other information on the display, such as text descriptions, maps, schools and shopping areas. *Id.* at 2:16-38; *see also* Mages at 4:7-17; Batchelor at 2:55-60.<br><br>Upon reading Hughes, a skilled artisan would have recognized that modifying the combination of Mages and Batchelor to use the CD-ROM of Mages/Batchelor to locally store the |

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

|  |  |  | Not only would this modification to Mages have been desirable, but it would have been easily accomplished by including, as the uncrippling key or triggering data of Mages, a command to access a track on the CD-ROM residing at a specific address thereon, as provided by Batchelor.  This would only require a minimal amount of additional data to be transmitted and would not disrupt any of the other advantages of the system in Mages.  Thus, it would have been natural and an application of nothing more than ordinary skill and common sense to combine Mages with the specific command and track identifying of Batchelor. | walk through video files and floor plans of Hughes would have been desirable and advantageous.  This combination would have been readily accomplished by one of ordinary skill in the art by merely storing the video files and floorplans of Hughes on a local CD-ROM and using a remote server to trigger display of a specific track of the CD-ROM, as taught by Batchelor and Mages.  Thus, it would have been natural and an application of ordinary skill for a skilled artisan to utilize the local CD-ROM of Mages and Batchelor to store the floor plan and walk through instructions described by Hughes and present them in combination with other, related data received from a remote server.  To that end, the remote server of Batchelor or Mages would be adapted to provide the additional data of Hughes, such as maps, schools and shopping, associated with a property.  Indeed, Mages contemplates a remote server providing similar, related information.  *See* Mages at 4:7-15.  Based on the foregoing, it would have been obvious |

3

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

| | | | | |
|---|---|---|---|---|
| | | | | to one of ordinary skill in the art to combine these references and claim 22 should be canceled.<br><br>Finally, one of ordinary skill would understand that this computer would necessarily include at least one processor.  Hughes at 4:49-55, 3:9-22.  Though claim 22 arguably recites both an "overlay processor" and a "direct view processor," the '534 Patent states that these two structures are preferably a single processor.  '534 Patent at 8:33-36.  Thus, this limitation is satisfied by any one of Batchelor, Mages or Hughes. |
| said operating instructions on said compact, portable and interchangeable computer readable medium are structured to direct said overlay processor to generate a floor plan display of a | | | | Hughes discloses that the operating instructions from a computer readable medium such as a CD-ROM instruct a processor to generate a floor plan display.<br><br>  "According to one aspect of the invention, video images of portions of a property are combined with other information, including text descriptions of each room <u>and a floor plan of the property</u> on a single |

4

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

| | | | |
|---|---|---|---|
| three dimensional space at least partially from said quantity of auxiliary site data; and | | | display screen in a manner to create a "feel" of a walk through the property. One area of the screen, or one window, presents a video image of what the client would see if the client were walking through the property, while another area of the display screen (window) shows a floor plan of the entire property and indicates the room being shown in the video image.  The client is able to stop and replay images, obtain more detailed information about the property or office space, or skip to other properties.  Audio descriptions are also available to provide both verbal descriptions and other sounds that help the viewer "experience" a simulated visit."  Hughes at 2:16-30 (emphasis added).<br><br>"Referring to FIG. 2, the encoded information for the properties is displayed on a monitor.  One aspect of this display is shown in FIG. 2, representing items of information simultaneously in a format easily understood by a real estate agent or |

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

|  |  |  | client. This display appears on the screen of the computer 11. A video image made by a camera that has been carried through the property is shown in the center window 21 and may be manipulated by the user, who can stop, zoom, reverse, slow, and perform other operations on the image. Below this is a test window 22 which provides a text description of the room being shown in the center window 21, and gives detailed information on features of the location. Descriptions of the room are included. <u>Also shown in FIG. 2 is a floor plan window 23 for displaying a floor plan of the property and indicating where the images are being taken</u>. The display also includes an information window 24 to inform the user of the neighborhood and surrounding area, including points of interest, such as property, schools, and shopping. A control window 25 along the top of the display allows the user to input control commands." *Id.* at 3:46-55 (emphasis added). |
|---|---|---|---|

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

| | | | |
|---|---|---|---|
| | | | "Thus, the video walkthrough and text information of a piece of property may be selected during sequence 46 by a user who is a client of the service provider, and the digital information is transmitted by a sequence 47 to the local office on demand.  The information is processed locally, where it is distributed to the display of FIG. 2 during a sequence 48.  In some cases, it may be necessary to check, during a sequence 50, the correlation of the information being sent to the various displays (windows).  In at least one window in the display, video is shown during a sequence 51 to the user, while in at least one other window text relating to the video informs the user during the same sequence 51.  The user may interact during a sequence 52 with the computer at the local office as easily as one might use a VCR, fast-forwarding and rewinding, pausing and zooming to see various areas in the property more closely.  <u>The user may select during a sequence 54 particular rooms or other areas in the property from a floor-plan,</u> and the interactive |

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

|  |  |  |  |
|---|---|---|---|
|  |  |  | display responds by moving to the point in the presentation indicated by the user's selection. An additional feature is the ability to manipulate during a sequence 55 the data to show what the property would look like should alterations be made; clients who intend to paint the walls, buy new furniture or add on a new wing to a property can see what the property would look like before committing themselves." *Id.* at 4:49-5:7 (emphasis added); *see also id.* at Fig. 2.<br><br>Furthermore, it would have been obvious to a person of ordinary skill to combine Mages, Batchelor, and Hughes to reach a solution encompassed by the claimed invention. *See* Analysis above. |
| said operating instructions on said compact, portable and interchangeable computer readable medium are |  |  | Hughes discloses that the operating instructions from a computer readable medium such as a CD-ROM instruct a processor to generate a walk through display. *See* Analysis above; *see also* Hughes at Fig. 2; 2:16-30; 3:46-55; 4:23-41; 4:49-5:7. |

**Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC**
**Invalidity Chart for U.S. Patent No. 6,101,534**

**Chart C.4: U.S. Patent No. 5,937,164 ("Mages") (Bates Nos. SCEA001832–1872) in view of U.S. Patent No. 5,724,103 ("Batchelor") (Bates Nos. SCEA002351–2357) in further view of U.S. Patent No. 5,736,977 ("Hughes") (Bates Nos. SCEA054319–54326)**

| | | | |
|---|---|---|---|
| structured to direct said direct view processor to generate a three dimensional, walk through display of the three dimensional space at least partially from said quantity of auxiliary site data. | | | Furthermore, it would have been obvious to a person of ordinary skill to combine Mages, Batchelor, and Hughes to reach a solution encompassed by the claimed invention. *See* Analysis above. |

9